**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONTE LEE HARRIS, | No. 22-15921 |
| Plaintiff-Appellee, | D.C. No. 3:20-cv-09393-CRB |
| v. | |
| KATHLEEN ALLISON, Director of the Department of Corrections & Rehabilitation; RALPH DIAZ, Secretary of the Department of Corrections & Rehabilitation; RON DAVIS, Associate Director of Reception Center Transfers; RONALD BROOMFIELD, Warden; A. PACHYNSKI, Dr.; Chief Medical Officer at San Quentin State Prison; L. ESCOBELL, Dr.; Chief Medical Officer at San Quentin State Prison; DEAN BORDERS, Warden, Warden at CSP; JOSEPH BICK, Director of California Corrections Health Care Services; CLARENCE CRYER, | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| J. ARNOLD, Captain, CDCR; M. BLOISE, Lieutenant, CDCR; B. HAUB, Lieutenant, CDCR; B. DUTTON, Sergeant, CDCR; N. AVILA, Associate Warden; K. FRANCE, Sergeant, CDCR; T. R. TEIXERIA, | |

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Lieutenant, CDCR; GAVIN NEWSOM,
Governor of the State of California;
STEVEN THARRATT, Dr.,

                    Defendants.

                    Appeal from the United States District Court
                      for the Northern District of California
                    Charles R. Breyer, District Judge, Presiding

In re:  CIM-SQ TRANSFER CASES,

_____

KENNETH ALLAN COOPER; MATTHEW
K. QUALE, Jr.; KAREN LEGG;
MICHELLE LEGG, individually and
successors in interest to David Reed,
deceased; TYRONE LOVE; JOAQUIN
DIAZ, (deceased); HILDA DIAZ; YADIRA
MENCHU; BLANCA DIAZ HOULE;
DANIEL RUIZ, Deceased, by and through
his co-successors in interest; SANTOS
RUIZ; FERNANDO VERA; VANESSA
ROBINSON; DANIEL RUIZ, Jr.;
ANGELINA CHAVEZ; ERIC WARNER,
(deceased); HENRY WARNER;
REGINALD THORPE,

                    Plaintiffs-Appellees,

   v.

KATHLEEN ALLISON; RONALD
BROOMFIELD; STATE OF CALIFORNIA;
RALPH DIAZ; RON DAVIS; ALISON
PACHYNSKI; LOUIE ESCOBELL;
CLARENCE CRYER; DEAN BORDERS,
Warden; JOSEPH BICK; R. STEVEN
THARRATT; CALIFORNIA

No.   22-16088

D.C. No. 3:22-mc-80066-WHO

2

DEPARTMENT OF CORRECTIONS AND
REHABILITATION; SHANNON
GARRIGAN; MUHAMMAD FAROOQ;
KIRK A TORRES; SAN QUENTIN STATE
PRISON; MONA D. HOUSTON;
CALIFORNIA INSTITUTION FOR MEN,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted May 10, 2023
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and R. BENNETT,[**] District Judge.

A few months into the COVID-19 pandemic, high-level officials in the California prison system transferred 122 inmates from California Institution for Men ("CIM") to San Quentin. The transfer sparked an outbreak of COVID-19 at San Quentin that ultimately killed over twenty-five inmates. Many lawsuits have been filed challenging the state officials' decisions surrounding the transfer. At issue here are two appeals from consolidated cases involving nine underlying Complaints. In each case, the district court denied state officials' motions to dismiss, holding that the officials were not entitled to statutory immunity or

_____

[**] The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

3

qualified immunity on the face of the Complaints. We affirm.

1. We have jurisdiction under the collateral order doctrine to review a district court's rejection of immunity under the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. § 247d-6d, at the motion to dismiss stage. *See Hampton v. California*, --- F.4th ---, 2023 WL 6406760, at *4-5 (9th Cir. 2023). The PREP Act offers "covered person[s]" immunity "from suit and liability" for "claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure . . . ." § 247d-6d(a)(1). Plaintiffs' claims relate to Defendants' *failure* to use a covered countermeasure—not to any use or administration of a covered countermeasure. *See Hampton*, 2023 WL 6406760, at *5-7. Defendants are therefore not entitled to immunity under the Act, at least at the motion-to-dismiss stage. *See id*.

2. We have jurisdiction under the collateral order doctrine to review a district court's rejection of a qualified immunity defense at the motion to dismiss stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 671-72 (2009). When considered together with the OIG Report,[1] each Complaint at issue here states an Eighth Amendment claim that was clearly established at the time of the underlying events.

---

[1] Defendants ask us to consider the OIG Report as incorporated into the Complaints by reference, and Plaintiffs do not object. To the extent Plaintiff Legg objects, he waived any such objection by consenting to the district court's consideration of the Report. We accordingly consider the OIG report as if incorporated into all of the Complaints at issue here.

*See Hampton*, 2023 WL 6406760, at \*10-11. Defendants are therefore not entitled to qualified immunity on the face of the Complaints. *See Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).

3. Defendants ask us to take judicial notice of three categories of documents: (1) news articles describing the state of COVID-19 guidance in the spring and early summer of 2020; (2) publications and data about COVID-19 from governmental agencies; and (3) court transcripts from *Plata v. Newsom*, N.D. Cal. No. 01-cv-1351. Defendants seek to use the news articles and COVID-19 data to support their position that their actions were reasonable, considering their knowledge at the time. Similarly, Defendants rely on the court transcripts to support their argument that the Federal Receiver directed or oversaw the challenged actions. Defendants' knowledge and the Receiver's involvement are key factual disputes in this case. It would be inappropriate for us to take judicial notice of such disputed facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" (quoting Fed. R. Evid. 201(b)). To the extent Defendants rely on the documents for other reasons, we deny the request to take judicial notice because the documents are "not relevant to the disposition of this appeal." *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010). Defendants' requests for judicial notice are accordingly denied.

4.  Plaintiff Diaz requests that we take judicial notice of supplemental COVID-19 data if we take judicial notice of the COVID-19 data that Defendants requested us to consider.  Because we denied Defendants' request for judicial notice, we deny Diaz's too.

5. We also deny Plaintiff Thorpe's request that we take judicial notice of certain state court filings because Thorpe attempts to rely on those filings for the truth of their contents.  *See Lee*, 250 F.3d at 690 ("[W]hen a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion . . . ." (quoting *S. Cross Overseas Agencies v. Wah Kwong Shipping Grp.*, 181 F.3d 410, 426 (3d Cir. 1999))).  The remaining documents in Thorpe's request are "not relevant to the disposition of this appeal."  *Cuellar*, 596 F.3d at 512.

**AFFIRMED.**